UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SARAH LOBOS & CAROLYN MONTEFERENTE,

                                          Plaintiffs,

                -against-

THE CITY OF NEW YORK, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JANE DOE,

                                          Defendants.

**ECF CASE**

**COMPLAINT**

05 CV 3293 (JSR) (THK)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  The case arises from a February 1, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to an illegal stop, search, and seizure, false arrest, assault and battery, an illegal strip search, fabricated evidence, and harassment.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  To this end, notices of claim

were duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' claims. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, a substantial portion of the acts alleged occurred in this Judicial District.

## PARTIES

5. Plaintiffs are residents of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. John Does 1, 2 and 3 and Jane Doe are members of the NYPD who violated plaintiffs' rights as described herein.

8. John Does 1, 2 and 3 and Jane Doe are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. On February 1, 2005, at approximately 7:00 p.m., in the vicinity of 194th Street and Marion Avenue in Bronx, New York, John Does 1, 2, and 3 and Jane Doe (the "officers") stopped plaintiffs, who were driving in a car obeying the law.

10. The officers, who were wearing plainclothes, are members of a drug task force and were driving in an unmarked car.

11. After stopping plaintiffs' car, the officers directed plaintiffs to exit the vehicle. The officers then searched plaintiffs and plaintiffs' car.

12. Shortly thereafter, Jane Doe illegally strip searched plaintiffs in the middle of the street in full view of the public.

13. The officers then arrested plaintiffs without cause.  At no time did either plaintiff commit a crime or a traffic offense.  Nevertheless, the officers intentionally arrested the innocent plaintiffs.

14. In the course of arresting plaintiffs, the officers committed assault and battery by touching plaintiffs in an offensive manner without permission.  The officers, among other things, physically arrested plaintiffs, handcuffed plaintiffs excessively tight, and frisked plaintiffs.

15. After arresting plaintiffs, the officers drove plaintiffs around in a police vehicle for several hours.

16. The officers eventually took plaintiffs to the 52nd Precinct for arrest processing.

17. Plaintiffs were also taken to several other police precincts for arrest processing.

18. While in custody, plaintiffs were strip searched on several occasions; once in the 52nd Precinct, once in the 50th Precinct, and once in Bronx Central Booking.

19. The aforesaid strip searches were illegal because the officers lacked reasonable suspicion to believe that plaintiffs were in possession of contraband, weapons, and/or a means of escape.

20. The officers did not allow plaintiffs to take their medication while in custody.

21.     While plaintiffs were confined in Bronx Central Booking, awaiting arraignment, the officers met with prosecutors employed by the Bronx County District Attorney's Office.

22.     During this meeting, one or more of the officers falsely stated to prosecutors that plaintiffs had committed a crime.

23.     The prosecutors did not credit the officers' version of events and declined to prosecute plaintiffs.

24.     On February 2, 2005, at approximately 8:30 p.m., plaintiffs were released from custody.

25.     As a result of the aforesaid police action, plaintiffs suffered emotional distress, fear, embarrassment, humiliation, loss of liberty for over 24 hours, pain and suffering, damage to reputation, and other personal injuries.

**FEDERAL AND STATE LAW CLAIMS AGAINST JOHN DOES 1, 2 AND 3 AND JANE DOE**

26.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27.     The conduct of John Does 1, 2 and 3 and Jane Doe, as described herein, amounted to an illegal search and seizure, false arrest, assault and battery, an illegal strip search, fabrication of evidence, and harassment. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and state law.

## FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

28. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The City of New York directly caused the constitutional violations suffered by plaintiffs.

30. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the officers sued in the present case are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.

31. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly utilized and retained them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

32. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

33. Moreover, under state law, the City of New York is vicariously liable for the false arrest, assault and battery, and harassment of plaintiffs.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and attorney's fees;

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: March 26, 2005
     Brooklyn, New York

          CARDINALE & MARINELLI
          26 Court Street, Suite 1815
          Brooklyn, New York 11242
          (718) 624-9391

          By:

          _____
          RICHARD J. CARDINALE (RC-8507)